1   Chris T. Nguyen, Esq. (SBN 259922)
    Omri A. Ben-Ari, Esq. (SBN 291517)
2   Amit S. Gundara, Esq. (SBN 270467)
    **BENARI & NGUYEN, LLP**
3   2372 Morse Avenue, Suite 282
    Irvine, CA 92614
4   Tel:  (949) 535-5217
    Fax: (949) 535-5218
5   litigation@banllp.com

6   Attorneys for Plaintiff Loi Nguyen

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

| LOI NGUYEN, an individual, | CASE NO.: 8:18−cv−01825−AG−DFMx |
|---|---|
| Plaintiff, | [Assigned to Hon. Andrew J. Guilford, Mag.: Douglas F. Mc Cormick] |
| v. | **NOTICE OF PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S ANSWER** |
| DURHAM SCHOOL SERVICES, L.P., a Delaware Limited Partnership; and DOES 1 through 100, | Complaint Filed: September 7, 2018<br>Trial Date:       None Set |
| Defendant. | Hearing:          December 10, 2018<br>Time:             10:00 AM<br>Courtroom:     10D |

**TO DEFENDANT AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 10, 2018, 10:00 AM, or as soon thereafter as the matter can be heard, at a time to be determined, in Courtroom 10D, located at 411 West 4th Street, Santa Ana, CA 92701, plaintiff Loi Nguyen ("Plaintiff") will move will move for an order to strike portions of defendant DURHAM SCHOOL SERVICES, L.P.'s ("Defendant") answer under Federal Rules of Civil Procedure, Rule 12(f) because it contains (1) "affirmative defenses" are not actually affirmative defenses—they merely deny or attempt to negate elements of Plaintiff's prima facie case, and (2) factually insufficient affirmative defenses that do not provide fair notice of the factual bases for those defenses.

Plaintiff bases this motion on this Notice of Motion, the Memorandum of Points and Authorities, as well as other pleadings on file in this matter, oral argument to be presented to the Court, and other such matters the Court may consider.

Dated:  November 08, 2018                                **BEN-ARI & NGUYEN LLP**

By: */s/ Omri A. Ben-Ari*
OMRI A. BEN-ARI
CHRIS T. NGUYEN
Attorneys for Plaintiff Loi Nguyen

1  Chris T. Nguyen, Esq. (SBN 259922)
   Omri A. Ben-Ari, Esq. (SBN 291517)
2  Amit S. Gundara, Esq. (SBN 270467)
   **BENARI & NGUYEN, LLP**
3  2372 Morse Avenue, Suite 282
   Irvine, CA 92614
4  Tel:  (949) 535-5217
   Fax: (949) 535-5218
5  litigation@banllp.com
   Attorneys for Plaintiff Loi Nguyen
6

7

8                  **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10 | LOI NGUYEN, an individual, | CASE NO.: 8:18−cv−01825−AG−DFMx |

11 |        Plaintiff, | [Assigned to Hon. Andrew J. Guilford, Mag.: Douglas F. Mc Cormick] |

12 |           v. | **PLAINTIFF'S MEMORANDUM OF** |

13 | DURHAM SCHOOL SERVICES, L.P., | **POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE** |
   a Delaware Limited Partnership; and
14 | DOES 1 through 100, | **PORTIONS OF DEFENDANT'S ANSWER** |

15 |        Defendant. | Complaint Filed:  September 7, 2018 |

16

17 | Hearing:        December 10, 2018
   | Time:           10:00 AM
   | Courtroom:      10D
18

19

20

21

22

23

24

25

26

27

28

                                    1

# I.  INTRODUCTION

Plaintiff Loi Nguyen moves to strike portions of "Defendant Durham School Services, L.P.'s Answer to Plaintiff's Complaint" (*hereinafter* "Answer") because Defendant pleads either an insufficient defense or immaterial or impertinent matter.

First, Defendant improperly alleges defense numbers 1, 15, and 17, and its "Other Additional Defenses" allegation, which are not affirmative defenses at all and are therefore insufficient. Plaintiff requests that the Court strike these defenses without leave to amend.

Second, Defendant alleges its tenth through thirteenth defenses without any factual support and thus should be stricken.

Third, Defendant's affirmative defense numbers 3, 5, 6, 8, 9, 18, 19, and 20 are immaterial or impertinent, and should, therefore, be stricken without leave to amend.

For the reasons detailed below, the Court should strike Defendant's affirmative defense numbers 1, 3, 5, 6, 8, 9, 15, 17, 18, 19, and 20.

# II. MATERIAL FACTS

On October 17, 2018, Defendants filed their Answer through the ECF system. (Doc. 12.) Plaintiff reviewed the Answer and found that Defendants presented affirmative defenses that are (1) not affirmative defenses; (2) lacking factual support; and (3) impertinent.

On November 6, 2018, the parties discussed the above issues and came to an agreement that Defendant would strike from the answer the Fifteenth Defense, Seventeenth Defense, and the "Other Additional Defenses" allegations. (Dodds Decl. ¶ 2.) Defendant's counsel refused to remove the first defense. (*Id.*) However, the parties agreed to exchange their positions as to the other defenses further in the days following the conference. (*Id.*)

On November 8, 2018, Plaintiff's counsel e-mailed Defendant's counsel

PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S ANSWER
CASE NO.: 8:18-cv-01825-AG-DFMx

authority explaining the basis of his position that Defendant's defenses are not

defenses, lack sufficient factual support, and are immaterial or impertinent. (Dodds

Decl. ¶ 3.) The parties have not yet resolved these issues, but Plaintiff's counsel is

hopeful they can reach an agreement as Defendant's counsel has expressed that they

are still willing to discuss the matters presented in this motion.

### III. ARGUMENT

Federal Rule of Civil Procedure 12(f) allows courts to "strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Fed. R. Civ. P. 12(f).

A court may exercise its discretion to grant a motion to strike when, viewing the

pleadings in the light most favorable to the non-moving party, the grounds for

granting the motion "appear on the face of the pleading under attack." *See*, *e.g.*,

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 2014 U.S. Dist. LEXIS

13342 (C.D. Cal. Jan. 31, 2014).

Rule 12(f) serves "to avoid the expenditure of time and money that must arise

from litigating spurious issues by disposing of those issues prior to trial."

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

Motions to strike help streamline the resolution of a case by focusing attention on

the real issues at hand. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir.

1993). Courts in this district generally evaluate the sufficiency of pleading of

affirmative defenses by examining whether the defenses give the plaintiff fair notice

of the defense by stating "the nature and grounds for the affirmative defenses."

*Vogel v. Autozone Parts, Inc.*, 2013 U.S. Dist. LEXIS 77223, *3 (C.D. Cal. May 31,

2013). *See*, *e.g.*, *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010).

Plaintiff requests the Court strike portions of Defendant's Answer because the

Answer contains impermissible affirmative defenses that are not affirmative

defenses, are not supported by sufficient factual allegations and contain matter

PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S ANSWER
CASE NO.: 8:18-cv-01825-AG-DFMx

which is redundant, immaterial, or impertinent.

**A. Defendant's 1st, 15th, and 17th defenses and its "Other Additional Defenses" allegations are not affirmative defenses. Thus, the Court should strike each with prejudice.**

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). Thus, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Gibson Brands, Inc. v. John Hornby Skewes & Co.*, 2014 U.S. Dist. LEXIS 117623, *5-6 (C.D. Cal. Aug. 22, 2014); *see also Figueroa v. Islands Rests. L.P.*, 2012 U.S. Dist. LEXIS 89422, *6 (C.D. Cal. June 22, 2012) ("A defense that rebuts plaintiff's prima facie case is a negative defense, not an affirmative defense" and is subject to a motion to strike).

**1. The Court should strike with prejudice Defendant's "First Defense" alleging a failure to state facts because it is not an affirmative defense.**

"Failure to state a claim identifies a pleading deficiency and is not an affirmative defense." *Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc.*, 2012 U.S. Dist. LEXIS 6745, *8 (C.D. Cal. Jan. 20, 2012). *Gibson Brands, Inc.*, 2014 U.S. Dist. LEXIS 117623 at *5–6 (striking without leave to amend the defendant's affirmative defense that the plaintiff's complaint "fails to state a claim upon which relief can be granted"); *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, 2011 U.S. Dist. LEXIS 96154, *3 (C.D. Cal. Aug. 25, 2011)

Defendant alleges for its "First Defense" that "Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant." (Doc. 12 (Ans.) at 13:22-25.)[1] This is the classic allegations Courts in this district routinely strike, and the Court should likewise strike Defendant's "First Defense."

---

[1] Pages referenced adhere to the page numbers assigned in ECF.

-4-
PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S ANSWER
CASE NO.: 8:18-cv-01825-AG-DFMx

1

2   **2. The Court should strike with prejudice Defendant's "Fifteenth Defense"**

3   **that Plaintiff suffered no injury because such an allegation merely denies**

4   **an element of Plaintiff's prima facie case.**

5   For its "Fifteenth Defense," Defendant alleges that "Plaintiff has suffered no

6   injury as a result of any alleged violation of the California Labor Code and therefore

7   he is barred from recovering penalties." Ans. (Doc. 12) at 16:18-22.

8   This is a classic denial, akin to claiming a lack of standing. Such claims are not

9   affirmative defenses, but general denials. *Figueroa v. Islands Rests. L.P.*, 2012 WL

10   2373249, *2–3, 2012 U.S. Dist. LEXIS 89422, *5–6 (C.D. Cal. June 22, 2012).

11   Thus, the Court should strike this allegation with prejudice.

12

13   **3. The Court should strike with prejudice Defendant's "Seventeenth**

14   **Defense" because it is not an affirmative defense as it merely denies**

15   **Plaintiff's Ninth Cause of Action for waiting time penalties.**

16   Defendant alleges for its "Seventeenth Defense":

17   > Plaintiff's Complaint, and each and every claim contained therein, is

18   > barred to the extent that Plaintiff has failed to show that Defendant

19   > willfully, knowingly or intentionally did not pay all accrued wages,

20   > overtime wages or premium wages within the time required following

21   > any discharge or voluntary resignation of employment of Plaintiff.

22   > Plaintiff, therefore, cannot pursue claims for "waiting time" penalties

23   > under California Labor Code section 203.

24   (Doc. 12 (Ans.) at 17:3-10.)

25   Defendant's allegation here is little more than a wordy denial and is thus not an

26   affirmative defense. The Court should, therefore, strike this allegation with

27   prejudice.

28   ///

PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S ANSWER
CASE NO.: 8:18-cv-01825-AG-DFMx

1   ///

2   ///

3       **4.  The Court should strike with prejudice Defendant's "Other Additional**

4          **Defenses" allegation because it is simply not a defense.**

5       Defendant alleges:

6       "Defendant presently has insufficient knowledge or information upon

7       which to form a belief whether there may be additional, as yet

8       unstated, defenses. Defendant reserves the right to allege other

9       additional defenses as they may become known during discovery or

10       otherwise, and to amend its Answer accordingly

11   (Doc. 12 (Ans.) at 18:13-17.) "A defense that reserves the right to assert defenses

12   later is not a defense." *Amini Innovation Corp. v. McFerran Home Furnishings Inc.*,

13   2014 WL 360048, at *4, 2014 U.S. Dist. LEXIS 13342, *13 (C.D. Cal. Jan. 31,

14   2014). Because this allegation is not a defense, the Court should strike it with

15   prejudice.

16       Each of the above is merely an attack on Plaintiffs' prima facie case and thus, are

17   not affirmative defenses. Thus, Defendant's 1st, 15th, and 17th defenses and

18   Defendant's "Other Additional Defenses" allegation should be stricken.

19

20   **B.  The Court should strike Defendant's factually infirm 10th through 13th**

21       **defenses for failure to give fair notice.**

22       "Motions to strike can . . . be used to challenge affirmative defenses as

23   insufficiently pleaded." *Miller v. Ghirardelli Chocolate Co.*, 2013 U.S. Dist. LEXIS

24   86417, 2013 WL 3153388, at *3 (N.D. Cal. June 19, 2013). Generally, "the simple

25   listing of a series of conclusory statements asserting the existence of an affirmative

26   defense without stating a reason why that affirmative defense might exist is not

27   sufficient." *Id.*

28       Defendant's tenth through thirteenth defenses should be stricken; they plead no

facts sufficient to constitute a defense.

### 1. Defendant's Estoppel allegation is factually insufficient.

Defendant's tenth defense asserts "estoppel," but fails to allege facts to support the defense. (Doc. 12 (Ans.) at 15:24-28.) To adequately plead estoppel, a defendant must allege the elements of estoppel. *Allen v. A.H. Robins Co., Inc.*, 752 F.2d 1365, 1371 n.3 (9th Cir. 1985). Where a defendant provides no factual basis for its affirmative defense, "[s]triking the estoppel defense is appropriate." *Qarbon.com, Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1050 (N.D. Cal. 2004); *Desert European Motorcars, Ltd.*, 2011 U.S. Dist. LEXIS 96154 at *3.

Here, Defendant's estoppel defense is nothing more than a bare-bones, conclusory allegation that fails to provide Plaintiff adequate notice of the nature and extent of the defense. Thus, Defendants' Tenth Defense should be stricken.

### 2. Defendant's "Laches" allegation is factually insufficient.

Defendant alleges for its Eleventh Defense that Plaintiff's claims are barred by the equitable doctrine of laches. (Doc. 12 (Ans.) at 16:1-4.) "In order to establish the defense of laches, a defendant must allege neglect or delay in bringing suit to remedy an alleged wrong, which taken together with lapse of time and other circumstances, causes prejudice to the adverse party and operates as an equitable bar." *Desert European*, 2011 U.S. Dist. LEXIS 96154 at *9.

In *Desert European*, the court struck defendants' conclusory laches allegation, reasoning that laches is an equitable doctrine, and "its application depends on the facts of the particular case," which a defendant must plead. *Id.* Here, Defendant's conclusory allegation fails to give Plaintiffs fair notice of the conduct giving to that defense. Thus, Defendant's Eleventh Defense should be stricken.

### 3. Defendant's Waiver allegation is factually insufficient.

Defendant's Twelfth Defense alleges that the doctrine of waiver bars Plaintiff's claims. (Doc. 12 (Ans.) at 16:5-7.) "To establish waiver, Defendant must show that Plaintiff intentionally relinquished or abandoned a known right." *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, 2011 U.S. Dist. LEXIS 96154, *5 (C.D. Cal. Aug. 25, 2011).

In *Desert European*, because the defendant's failure to set forth any facts regarding waiver, the court granted the plaintiff's motion to strike, finding the defense to be a mere reference to a legal doctrine, and thus, "insufficient to give Plaintiff fair notice of the alleged acts giving rise to this defense." Similarly, Defendant here simply references a legal doctrine without providing any factual basis supporting the application of the doctrine. As a result, the Twelfth Affirmative Defense is not an affirmative defense. Thus, Defendant's Twelfth Defense should be stricken.

### 4.  Defendant's "Unclean Hands" allegation is factually insufficient.

Defendant's Thirteenth Defense alleges that "Plaintiff is precluded from maintaining the Complaint, and each purported cause of action alleged therein, because Plaintiff engaged in conduct showing unclean hands," while failing to allege any facts in support. (Doc. 12 (Ans.) at 16:8-12.) Defendant's unclean hands allegation fails to create a legally-recognized basis for an unclean hands defense.

"The doctrine of unclean hands bars a plaintiff from seeking equitable relief 'only where some unconscionable act of [the plaintiff] has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation.'" *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933).

Where a defendant simply states that a claim fails due to the doctrine of unclean hands, such an allegation "is not sufficient to notify the plaintiff what behavior has allegedly given them 'unclean hands.'" *CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 U.S. Dist. LEXIS 99538, *7 (N.D. Cal. Oct. 26, 2009).

PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S ANSWER
CASE NO.: 8:18-cv-01825-AG-DFMx

1       Because Defendant alleges no factual support for this claim, it should be stricken.

2   ///

3   ///

4 **C. The Court should strike Defendant's redundant and impertinent allegations.**

5       Defendant alleges its Third, Fifth, Sixth, Eighth, Ninth, and Eighteenth through

6 Twentieth defenses to each cause of action Plaintiff alleges, even though the defenses

7 do not pertain to each cause of action. Because of this, the Court should strike each.

8

9     **1. Failure to Exhaust Administrative Remedies (Third Defense)**

10       Defendant alleges this impertinent defense against each cause of action. However,

11 Plaintiff need not exhaust administrative remedies before bringing claims for his third

12 cause of action for wrongful termination in violation of public policy, or for any of

13 his California Labor Code-based fourth through ninth causes of action.

14

15     **2. Worker's Compensation Preemption (Fifth Defense)**

16       Worker's Compensation preemption has no bearing on any of the claims in this

17 action, and only deals with personal injury arising during the course of employment.

18 Plaintiff has not made any such claims.

19

20     **3. After-Acquired Evidence (Sixth Defense)**

21      "The doctrine of after-acquired evidence refers to an employer's discovery, *after*

22 *an allegedly wrongful termination of employment or refusal to hire*, of information

23 that would have justified a lawful termination or refusal to hire." *Salas v. Sierra*

24 *Chem. Co.*, 59 Cal.4th 407, 428 (2014). It does not apply to wage violations, such as

25 Plaintiff's fourth through ninth causes of action for California Labor Code violations.

26

27     **4. Award of Punitive Damages is Unconstitutional (Eighth Defense)**

28       Defendant alleges this defense against each cause of action, even though punitive

damages are not available for wage and hour violations. *See Brewer v. Premier Golf Properties*, 168 Cal.App.4th 1243, 1253–54 (2008). Thus, the Court should strike this defense.

**5. Reasonable, Good Faith Belief (Ninth Defense)**

Defendant advances a defense of "good faith belief" to each cause of action, yet only attributes the defense to "unlawful harassment, retaliation and discrimination." This is likely because the defense does not apply to certain labor code violations like wage statement violations. *Kao v. Holiday*, 12 Cal.App.5th 947, 962 (2017).

Thus, the Court should strike this defense.

**6. Unauthorized Conduct (Eighteenth Defense)**

Defendant advances this defense to each cause of action, but as with its "good faith belief," affirmative defense, applies the defense only to Plaintiff's first and second causes of action, specifically citing to the FEHA, not the California Labor Code violations Plaintiff alleges as the fourth through ninth causes of action. (Doc. 12 (Ans.) at 17:11-19.) For this reason, Defendants have advanced an impertinent defense that the Court should strike.

**7. No Malicious Conduct (Nineteenth Defense)**

Defendant alleges this defense against each cause of action, even though punitive damages are not available for wage and hour violations. *See Brewer v. Premier Golf Properties*, 168 Cal.App.4th 1243, 1253–54 (2008). Thus, this Court should strike this defense.

**8. Mixed Motive (Twentieth Defense)**

Mixed motive defenses relate to wrongful termination claims, which has no application to Plaintiff's claims of wage and hour violations here. Thus, the Court should strike this defense.

1    ///

2    ///

3    ///

4    **D. Plaintiff will be unduly prejudiced if the court permits Defendant to proceed**

5    **with its Answer as is.**

6        If the Court permits Defendant to proceed with its answer as is, Plaintiff will be

7    forced to unnecessarily expend resources litigating Defendant's defenses, whether

8    through written discovery, depositions, and a motion for summary adjudication,

9    simply to put them to rest when they should never have been alleged in the first

10   place. This unnecessary expense of resources is unduly prejudicial.

11       Further, Defendant's improper defenses would likely create confusion and cause

12   the trier of fact to draw improper inferences that the defenses can preclude

13   Plaintiff's claims when those defenses have no application whatsoever. (*See* Section

14   C.) This too in unduly prejudicial to Plaintiff.

15

16                     **IV. CONCLUSION**

17       Because many Defendant's affirmative defenses fail to constitute affirmative

18   defenses, either due to insufficiency or the fact that such defenses contain

19   insufficient, irrelevant, or immaterial matter, Plaintiff requests that the Court grant

20   his motion to strike Defendant's defense numbers 1, 3, 5, 6, 8, 9, 17, 18, 19, and 20.

21

22   Respectfully Submitted,

23

24   Dated: November 09, 2018         **BENARI & NGUYEN, LLP**

25

26                      By: _____/s/ CHRIS T. NGUYEN_____

27                      CHRIS T. NGUYEN
                    OMRI A. BEN-ARI

28                      Attorneys for Plaintiff Loi Nguyen

PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S ANSWER
CASE NO.: 8:18-cv-01825-AG-DFMx

1

**PROOF OF SERVICE**

2

3

I am a citizen of the United States and am employed in the County of Orange,

State of California. I am over the age of 18 and not a party to the within action; my

4

business address is BENARI & NGUYEN LLP (the "firm"), 2372 Morse Ave., Ste.

5

282, Irvine, CA 92614.

6

7

On November 09, 2018, at my place of business, I electronically transmitted

the following documents:

8

9

**NOTICE OF PLAINTIFF'S MOTION TO STRIKE PORTIONS OF**

10

**DEFENDANT'S ANSWER; and,**

11

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

12

**PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S**

13

**ANSWER**

14

**DECLARATION OF ATTORNEY BRYCE A. DODDS IN SUPPORT**

15

**THEREOF**

16

17

to the Clerk's Office using the CM/ECF System for filing and transmittal of a

Notice of Electronic Filing to the following EM/ECF registrants:

18

19

**Jonathan L. Brophy**

20

SEYFARTH SHAW LLP

21

jbrophy@seyfarth.com

22

**Jared W. Speier**

23

SEYFARTH SHAW LLP

24

jspeier@seyrfarth.com

25

26

I am employed in the office of a member of the bar of this court at whose

27

direction the service was made.

28

PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S ANSWER
CASE NO.: 8:18-cv-01825-AG-DFMx

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I declare under penalty of perjury under the laws of the United States of America and State of California that the above is true and correct.

Executed on November 09, 2018 at Irvine, California.


_____/s/Chris T. Nguyen___
Chris T. Nguyen