SEYFARTH SHAW LLP
Jonathan L. Brophy (SBN 245223)
E-mail: jbrophy@seyfarth.com
Jared W. Speier (SBN 311751)
E-mail: jspeier@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
DURHAM SCHOOL SERVICES, L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOI NGUYEN, an individual,<br><br>           Plaintiff,<br><br>     v.<br><br>DURHAM SCHOOL SERVICES, L.P., a Delaware Limited Partnership; and DOES 1 through 100,<br><br>           Defendants. | Case No. 8:18-cv-01825-AG-DFM<br><br>**DEFENDANT DURHAM SCHOOL SERVICES, L.P.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S ANSWER**<br><br>State Complaint Filed:<br>          September 7, 2018<br><br>Hearing:      December 10, 2018<br>Time:          10:00 a.m.<br>Courtroom: 10D |

**TABLE OF CONTENTS**

Page

I. PLAINTIFF HAS NOT REQUESTED A JURY TRIAL ......................................... 1

II. DEFENDANT'S ANSWER ASSERTS STANDARD DEFENSES FOR WHICH PLAINTIFF WILL SUFFER NO PREJUDICE ....................................................... 2

III. DEFENDANT ATTEMPTED TO RESOLVE PLAINTIFF'S CONCERNS WITHOUT THE NEED FOR THIS MOTION .......................................................... 2

IV. PLAINTIFF DID NOT TIMELY FILE THIS MOTION TO STRIKE .................... 2

V. PLAINTIFF FAILED TO PROPERLY MEET AND CONFER UNDER LOCAL RULE 7-3 ..................................................................................................................... 3

VI. PLAINTIFF HAS FAILED TO DEMONSTRATE THE REQUIRED PREJUDICE NECESSARY TO GRANT THIS DISFAVORED MOTION ................................... 4

    A. Motions To Strike Are Disfavored .................................................................. 4

    B. The Court Must Construe The Answer In Defendant's Favor ........................ 4

    C. Plaintiff Has Failed To Articulate The Required Prejudice To Strike Defenses ........................................................................................................... 4

VII. DEFENDANT'S FIRST, FIFTEENTH, AND SEVENTEENTH DEFENSES ARE APPROPRIATE ........................................................................................................... 5

    A. Defendant's First Defense Of Failure To State A Cause Of Action For Relief Is Appropriate ....................................................................................... 5

    B. Defendant's Fifteenth and Seventeenth Defenses Are Appropriate ............... 7

    C. Plaintiff Has Not Shown Any Prejudice Stemming from Defendant's Reservation Of Additional Defenses .............................................................. 8

VIII. DEFENDANT'S ESTOPPEL, LACHES, WAIVER, AND UNCLEAN HANDS DEFENSES PROVIDE PLAINTIFF FAIR NOTICE ............................................... 8

IX. DEFENDANT'S DEFENSES ARE NOT REDUNDANT OR IMPERTINENT .... 9

    A. Defendant's Third Defense For Failure to Exhaust Administrative Remedies Is Appropriate ................................................................................. 9

    B. Defendant's Fifth Defense Of Worker's Compensation Preemption Is Appropriate .................................................................................................... 10

    C. Defendant's Sixth Defense Of After Acquired Evidence is Appropriate .................................................................................................... 10

    D. Defendant's Eighth, Ninth, Eighteenth and Nineteenth Defenses Are Appropriate .................................................................................................... 10

E. Defendant's Mixed Motive Defense Is Appropriate ................................... 11
X. LEAVE TO AMEND SHOULD BE FREELY GRANTED ................................. 11
XI. CONCLUSION ........................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*In re 2TheMart.com, Inc. Sec. Litig.*,
   114 F. Supp. 2d 955 (C.D. Cal. 2000) .................................................................. 4

*Bureerong v. Uvawas*,
   922 F. Supp. 1450 (C.D. Cal. 1996) ..................................................................... 4

*Diaz v. Alt. Recovery Mgmt.*,
   2013 WL 1942198 (S.D. Cal. May 8, 2013) ................................................ 5, 8, 9

*Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc.*,
   2012 WL 177576 (C.D. Cal. Jan. 20, 2012) ..................................................... 7, 8

*Harris v. Chipotle Mexican Grill, Inc.*,
   303 F.R.D. 625 (E.D. Cal. 2014) ............................................................... 4, 6, 7, 9

*Kohler v. Islands Restaurants, LP*,
   280 F.R.D. 560 (S.D. Cal. 2012) ......................................................................... 11

*Kolstad v. Am. Dental Ass'n*,
   527 U.S. 526 (1999) ............................................................................................ 11

*Neilson v. Union Bank of Cal., N.A.*,
   290 F. Supp. 2d 1101 (C.D. Cal. 2003) ............................................................ 4, 5

*New York City Employees' Ret. Sys. v. Berry*,
   667 F. Supp. 2d 1121 (N.D. Cal. 2009) ................................................................ 5

*Oracle Am., Inc. v. Micron Tech., Inc.*,
   817 F. Supp. 2d 1128 (N.D. Cal. 2011) ................................................................ 4

*Rosales v. Citibank, Fed. Sav. Bank*,
   133 F. Supp. 2d 1177 (N.D. Cal. 2001) ................................................................ 4

*Simmons v. Navajo Cnty*,
   609 F.3d 1011 (9th Cir. 2010) ............................................................................... 8

*Thomas v. Brett Sports & Entm't, Inc.*,
   2016 U.S. Dist. LEXIS 112280 (C.D. Cal. Aug. 23, 2016) ................................. 3

*Valley Cmty. Bank v. Progressive Cas. Ins. Co.*,
   2011 WL 1833116 (N.D. Cal. May 13, 2011) .................................................. 6

*Wyatt v. Terhune*,
   315 F.3d 1108 (9th Cir. 2003) ......................................................................... 9

*Wyshak*,
   607 F.2d at 826 ............................................................................................. 11

**State Cases**

*Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*,
   24 Cal. 4th 800 (2001) .................................................................................. 10

*Harris v. City of Santa Monica*,
   56 Cal. 4th 203 (2013) .................................................................................. 11

*Salas v. Sierra Chem. Co.*,
   59 Cal. 4th 407 (2014) .................................................................................. 10

**State Statutes**

Cal. Gov. Code § 12940(h) .................................................................................. 1

Cal. Lab. Code §§ 201-203 .................................................................................. 1

Cal. Lab. Code § 203 ............................................................................................ 7

Cal. Lab. Code § 226 ............................................................................................ 1

Cal. Lab. Code § 226(b) ....................................................................................... 1

Cal. Lab. Code § 226.7 ......................................................................................... 1

Cal. Lab. Code § 227.3 ......................................................................................... 1

Cal. Lab. Code § 1174 .......................................................................................... 1

Cal. Lab. Code § 1198.5 ....................................................................................... 1

**Rules**

Central District L.R. 38-2 .................................................................................... 1

Central District L.R. 5-3.2.1. ............................................................................... 2

DEFENDANT DURHAM SCHOOL SERVICES, L.P.'S ANSWER

51899824v.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Central District L.R. 7-3 ................................................................................... 1, 3

Fed. R. Civ. P. 7(a) ............................................................................................... 6

Fed. R. Civ. P. 7(a)(2) .......................................................................................... 6

Fed. R. Civ. P. 8 ............................................................................................... 7, 8

Fed. R. Civ. P. 8(b) .............................................................................................. 8

Fed. R. Civ. P. 8(b)(1)(A) .................................................................................... 8

Fed. R. Civ. P. 8(c) ........................................................................................... 8, 9

Fed. R. Civ. P. 12(b) ............................................................................................ 5

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 5

Fed. R. Civ. P. 12(f) ......................................................................................... 4, 5

Fed. R. Civ. P. 12(f)(2) ..................................................................................... 2, 3

Fed. R. Civ. P. 12(h)(2) ........................................................................................ 6

Fed. R. Civ. P. 15(a)(2) ...................................................................................... 11

Fed. R. Civ. P. 16 ................................................................................................. 2

Fed. R. Civ. P. 26(f) ............................................................................................. 2

Plaintiff Loi Nguyen's Motion to Strike is an unnecessary litigation tactic that should be denied for the following reasons.

**First**, Plaintiff's Motion is untimely; it was filed two days after it was due.

**Second**, Plaintiff failed to properly meet and confer under Local Rule 7-3.

**Third**, even if Plaintiff's Motion were not procedurally improper, the Federal Rules specifically provide for many of Defendant's asserted defenses.

**Fourth**, Plaintiff has failed to show the required prejudice necessary to strike Defendant's defenses.

## I. PLAINTIFF HAS NOT REQUESTED A JURY TRIAL

On September 7, 2018 Plaintiff filed his Complaint. Plaintiff alleges nine causes of action: (1) "Age Discrimination In Violation Of The FEHA"; (2) "Retaliation In Violation Of The FEHA (Cal. Gov. Code § 12940(h))"; (3) "Wrongful Termination In Violation Of Public Policy"; (4) "Failure To Provide Meal Periods Or Compensation In Lieu Thereof (Cal. Lab. Code § 226.7 and Wage Order 4-2001 § 11)"; (5) "Failure To Provide Rest Periods Or Compensation In Lieu Thereof (Cal. Lab. Code § 226.7 and Wage Ordre 4-2001 § 12)"; (6) "Failure To Pay Vested Vacation Time (Cal. Lab. Code § 227.3)"; (7) "Failure To Provide Accurate Itemized Wage Statements (Cal. Lab. Code §§ 226, 1174, Wage Order 4-2001, §7)"; (8) "Failure To Provide Timely Records And Inspection (Cal. Lab. Code § 1198.5 and 226(b))"; and, (9) "Waiting Time Penalties And Failure To Provide Wages Upon Termination (Cal. Lab. Code §§ 201-203)." Plaintiff did not request a Jury Trial. (See Complaint, Dkt. No. 1-1.)

On October 10, 2018, Defendant timely removed the case to this Court. (Dkt. No. 1.) Local Rule 38-2 states that a demand for a jury must be made within ten days after the filing of the notice of removal if the answer was not filed prior to removal. Central District L.R. 38-2.

Plaintiff has not requested a jury trial at any time before or after October 10, 2018.

## II. DEFENDANT'S ANSWER ASSERTS STANDARD DEFENSES FOR WHICH PLAINTIFF WILL SUFFER NO PREJUDICE

On October 17, 2018, Defendant timely answered Plaintiff's Complaint. (Dkt. No. 12, Answer). Defendant asserted just twenty one defenses, which are standard defenses in wrongful termination, retaliation, and wage and hour cases.

Because Defendant's defenses in its Answer are legally sufficient and because Plaintiff has failed to show the required prejudice necessary to strike defenses in Defendant's Answer, Plaintiff's Motion to Strike should be denied.

## III. DEFENDANT ATTEMPTED TO RESOLVE PLAINTIFF'S CONCERNS WITHOUT THE NEED FOR THIS MOTION

Defendant offered to stipulate to resolve most of Plaintiff's contentions in the Joint Rule 26(f) report or limit its defenses in the Rule 16 pre-trial conference rather than require Plaintiff to file a motion to strike. (Declaration of Jonathan Brophy "Brophy Dec." ¶ 4.)

Specifically, even though they are appropriate, Defendant offered to remove its Fifteenth and Seventeenth defenses and "Other Affirmative Defenses" from its Answer. Defendant also offered to limit the application of its Workers Compensation Preemption defense and its Failure to Exhaust Administrative Remedies defense to Plaintiff's FEHA claims. (Brophy Dec. ¶ 4.)

Rather than work with Defendant to reach a resolution, Plaintiff filed this unnecessary motion.

## IV. PLAINTIFF DID NOT TIMELY FILE THIS MOTION TO STRIKE

As noted above, Defendant timely filed its Answer to Plaintiff's Verified Complaint on October 17, 2018. (Dkt. 12.)

Plaintiff was also served on October 17. *See* Central District L.R. 5-3.2.1. ("[s]ervice with this electronic NEF will constitute service pursuant to the Federal Rules of Civil and Criminal Procedure . . .")

A motion to strike must be filed "within 21 days after being served with the pleading." Fed. R. Civ. Proc. 12(f)(2).

2
DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

51899824v.3

Thus, Plaintiff's Motion to Strike was due on November 7, 2018, 21 days after Defendant filed its Answer.

Plaintiff did not file his Motion until two days later on November 9, 2018. Accordingly, the court should not consider Plaintiff's untimely Motion to Strike. *See Thomas v. Brett Sports & Entm't, Inc.,* 2016 U.S. Dist. LEXIS 112280, *4 (C.D. Cal. Aug. 23, 2016) (finding that plaintiff's motion to strike "[was] untimely and fail[ed] under Rule 12(f)(2)'s plain language.").

## V. PLAINTIFF FAILED TO PROPERLY MEET AND CONFER UNDER LOCAL RULE 7-3

Central District Local Rule 7-3 requires parties to meet and confer at least 5 days before the deadline to file a motion which must be filed within a specified period of time, i.e. a motion to strike. Central District L.R. 7-3.

The Parties initially scheduled their meet and confer conference for Thursday, November 1, 2018. (Brophy Dec. ¶ 3).

On October 30, 2018, Plaintiff's counsel e-mailed Defendant's counsel stating that he was no longer available on November 1, 2018. (Brophy Dec. ¶ 3). The Parties did not meet and confer regarding Plaintiff's Motion to Strike until November 6, 2018, one day before the motion was due. (Brophy Dec. ¶ 3).

Local Rule 7-3 also requires that "counsel for the moving party shall include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'" Central District L.R. 7-3. Plaintiff did not include this statement in his notice of motion. (Dkt. 14, Motion p. 1.)

Plaintiff failed to comply with Local Rule 7-3 and his motion should be denied. *Thomas*, 2016 U.S. Dist. LEXIS 112280, *4 (C.D. Cal. Aug. 23, 2016) (denying motion to strike for failure to comply with Local Rule 7-3.)

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
51899824v.3

## VI. PLAINTIFF HAS FAILED TO DEMONSTRATE THE REQUIRED PREJUDICE NECESSARY TO GRANT THIS DISFAVORED MOTION

### A. Motions To Strike Are Disfavored

Under Federal Rule of Civil Procedure 12(f), a party may move to strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f).

Motions to strike are disfavored because of their limited importance in federal pleading. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) ("Rule 12(f) motions are generally 'disfavored' because they are 'often used as delaying tactics, and because of the limited importance of pleadings in federal practice.'").

### B. The Court Must Construe The Answer In Defendant's Favor

The Court must construe Defendant's Answer in Defendant's favor. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) ("In exercising its discretion, the court views the pleadings in the light most favorable to the non-moving party."); *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) ("If there is any doubt as to whether the allegations might be an issue in the action, courts will deny the motion.").

Because Defendant's defenses are relevant to the allegations raised in Plaintiff's Complaint, the Court must deny Plaintiff's motion to strike. *Oracle Am., Inc. v. Micron Tech., Inc.*, 817 F. Supp. 2d 1128, 1132 (N.D. Cal. 2011) ("A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action."); *Rosales v. Citibank, Fed. Sav. Bank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001) ("Motions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation.").

### C. Plaintiff Has Failed To Articulate The Required Prejudice To Strike Defenses

Because motions to strike are so unnecessary, they are rarely granted unless the moving party demonstrates prejudice. *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D.

4

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

51899824v.3

625, 628 (E.D. Cal. 2014) (denying, in part, plaintiff's motion to strike, "Because motions to strike are 'often used as delaying tactics,' they are 'generally disfavored' and are rarely granted in the absence of prejudice to the moving party."); *Neilson*, 290 F. Supp. 2d at 1152 ("Given their disfavored status, courts often require 'a showing of prejudice by the moving party' before granting the requested relief."); *New York City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) ("Where the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike 'even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f).'").

Plaintiff argues, without evidentiary support, that he will have to expend additional resources in discovery, thus, he will suffer undue prejudice. (Dkt. No. 14, Motion p. 11.)

This is not sufficient to grant a motion to strike because discovery will allow Plaintiff to supplement his knowledge regarding Defendant's defenses. *See Diaz v. Alt. Recovery Mgmt.*, 2013 WL 1942198, at *2 (S.D. Cal. May 8, 2013) ("Any lack of factual detail in these defenses may be remedied through the formal discovery process, as is done in the vast majority of cases.")

Plaintiff also argues that the trier of fact may be "confused" by Defendant's defenses. (Dkt. No. 14, Motion p. 11.) This argument lacks merit.

Because Plaintiff did not request a jury trial and this case is a bench trial, there is little risk that the Court would be "confused" by Defendant's defenses at trial.

## VII. DEFENDANT'S FIRST, FIFTEENTH, AND SEVENTEENTH DEFENSES ARE APPROPRIATE

### A. Defendant's First Defense Of Failure To State A Cause Of Action For Relief Is Appropriate

Plaintiff argues generally that this defense is not a proper defense. (Dkt. No. 14, Motion p. 4.) Plaintiff is wrong and exalts form over substance.

Plaintiff ignores the plain language of Rule 12(b)(6), which provides that a party may assert the defense of "failure to state a claim upon which relief can be granted." Fed.

R. Civ. Proc. 12(b) (noting in part, "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.").

Plaintiff also ignores Rule 12(h)(2) which provides that "failure to state a claim upon which relief can be granted" may be raised in "any pleading allowed or ordered under Rule 7(a)." Fed. R. Civ. Proc. 12(h)(2). Rule 7(a) (2), in turn, provides that an Answer is an acceptable pleading. Fed. R. Civ. Proc. 7(a)(2).

In addition, the Court's Pro Se Form 3 provides for the form "The Defendant's Answer to the Complaint." Section II.B.6 of the Form explicitly provides for the following language which may be plead in an Answer: "The complaint fails to state a claim upon which relief can be granted."

Defendant's First Defense provides: "Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant." (Dkt. No. 12, Answer, p. 12.) Accordingly, Defendant's first defense is proper and should not be stricken. *Valley Cmty. Bank v. Progressive Cas. Ins. Co.,* 2011 WL 1833116, at *3 (N.D. Cal. May 13, 2011) ("The motion [to strike] likewise will be denied with respect to the first affirmative defense, asserting that the complaint fails to state a claim upon which relief may be granted. Although Valley argues that failure to state a claim is not a proper affirmative defense, Federal Rule of Civil Procedure 12(h)(2) provides that failure to state a claim upon which relief may be granted is a defense that may be raised in any pleading allowed or ordered under Federal Rule of Civil Procedure 7(a); one of the pleadings allowed under Rule 7(a) is an answer.")

Even if Plaintiff could argue this is not a proper defense, which he cannot, Plaintiff has not shown he would be prejudiced by its inclusion. Certainly, Plaintiff plans to conduct discovery to prove his case, and including this defense does not add any extra burden to the discovery he would already have to conduct—Plaintiff can either state a claim for relief or he cannot.

In denying a similar motion to strike, the Court in *Harris v. Chipotle* noted the lack of prejudice a defense of "failure to state a claim" posed to the plaintiff and also noted

that the motion itself was more of a needless expense and waste of resources:

> Regardless of whether or not these defenses are properly characterized as "affirmative," the court will deny plaintiffs' motion to strike them because plaintiffs have failed to show they will suffer any prejudice if the defenses are left in the defendants' Answer. **The court cannot conceive how these defenses will "cost both the parties and the [c]ourt unnecessary time and resources." (Mem. in Support at 5:10–12.) In fact, it is more likely the parties and the court have already needlessly expended more resources on this motion**.

*Harris v. Chipotle* Mexican *Grill, Inc.*, 303 F.R.D. 625, 628-29 (E.D. Cal. 2014).

### B.     Defendant's Fifteenth and Seventeenth Defenses Are Appropriate

Plaintiff takes no issue with these defenses other than pointing out that they are not affirmative defenses. Rule 8 does not require that defenses in an answer be affirmative. *Enough for Everyone, Inc.*, 2012 WL 177576, at *7. Thus, the court should deny Plaintiff's Motion to Strike as to defenses fifteen and seventeen.

For its Fifteenth Defense, "No Injury As A Result Of Violation of Labor Code," Defendant stated "Plaintiff has suffered no injury as a result of any alleged violation of the California Labor Code and therefore he is barred from recovering penalties." (Dkt. No. 12, Answer, p. 15.)

For its Seventeenth Defense, "Failure To Show Entitlement To Waiting Time Penalties," Defendant stated "Plaintiff's Complaint, and each and every claim contained therein, is barred to the extent that Plaintiff has failed to show that Defendant willfully, knowingly or intentionally did not pay all accrued wages, overtime wages or premium wages within the time required following any discharge or voluntary resignation of employment by Plaintiff. Plaintiff, therefore, cannot pursue claims for "waiting time" penalties under California Labor Code Section 203." (Dkt. No. 12, Answer, p. 16.)

Rule 8 of the Federal Rules of Civil Procedure contemplates that parties plead all defenses, and no limitation as to affirmative or negative defenses is contemplated in the text of the rule. *Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc.*, 2012 WL 177576, at *7 (C.D. Cal. Jan. 20, 2012) ("As an initial matter, the Court rejects Plaintiff's

argument about 'negative defenses.' Rule 8(b)(1)(A) contemplates pleading all defenses; no limitation as to affirmative or negative defenses is expressed in the text of the rule. Fed.R.Civ.P. 8(b). The technicality raised by Plaintiff does not affect whether it has been put on fair notice of Defendant's defenses.").

### C. Plaintiff Has Not Shown Any Prejudice Stemming from Defendant's Reservation Of Additional Defenses

Defendant states in its Answer: "Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses. Defendant reserves the right to allege other additional defenses as they may become known during discovery or otherwise, and to amend its Answer accordingly." (Dkt. No. 12, Answer, p. 17.)

Plaintiff has not shown what prejudice he faces due to the inclusion of this defense. As stated previously, simply incurring additional discovery costs is not sufficient prejudice to succeed on a Motion to Strike. *See Diaz*, 2013 WL 1942198, at *2 ("Any lack of factual detail in these defenses may be remedied through the formal discovery process, as is done in the vast majority of cases.") Without a showing of prejudice, the Court should not permit Plaintiff to strike this defense.

### VIII. DEFENDANT'S ESTOPPEL, LACHES, WAIVER, AND UNCLEAN HANDS DEFENSES PROVIDE PLAINTIFF FAIR NOTICE

Rule 8(b), which governs the pleading of defenses, contains no requirement that a defendant make any "showing." And Rule 8(c), which sets forth a non-exhaustive list of defenses, requires only that a party "affirmatively state" any defenses in its answer.

There is no requirement in Rule 8 that a defendant "show" any facts in support of its defenses. *See, e.g.*, *Enough for Everyone, Inc.*, 2012 WL 177576, at *2 ("[w]hen read together, the sub-parts of [Rule 8] appear to demand more from a party stating a claim for relief, i.e., the party stating a claim must show he or she is entitled to relief. In contrast, a party stating a defense need not show he or she is entitled to relief, but need only state any defense, and state each defense 'in short and plain terms.") (emphasis added) (citing *Simmons v. Navajo Cnty*, 609 F.3d 1011, 1023 (9th Cir. 2010)).

Additionally, any lack of factual detail in Defendant's defenses may be remedied through the formal discovery process. *See Diaz*, 2013 WL 1942198, at *2 (S.D. Cal. May 8, 2013) ("Any lack of factual detail in these defenses may be remedied through the formal discovery process, as is done in the vast majority of cases.").

Defendant's Estoppel (Tenth Defense), Laches (Eleventh Defense), and Waiver (Twelfth Defense) are standard defenses identified in the Federal Rules of Civil Procedure. Fed R. Civ. Proc. 8(c) ("In response to a pleading, a party must affirmatively state any […] affirmative defense, including: . . estoppel; . . laches; . . and waiver.")

Plaintiff claims he does not have fair notice regarding the facts supporting these defenses. (Dkt. No. 14, Motion, p. 6.) Plaintiff however, fails to articulate what prejudice is faced by inclusion of these defenses. Plaintiff cannot claim he will be burdened by any discovery on these topics, especially when Defendant will ask Plaintiff for the facts underlying his claims at his deposition, regardless of whether he propounds discovery on the issue or not.

Defendant did not have the benefit of unlimited time to draft its Answer, whereas Plaintiff could take as long as he wanted to investigate and draft his Complaint. Asserting these defenses poses no harm to Plaintiff. *Harris*, 303 F.R.D. at 628 (denying motion to strike avoidable consequences defense and noting, "Regardless of whether or not these defenses are properly characterized as 'affirmative,' the court will deny plaintiffs' motion to strike them because plaintiffs have failed to show they will suffer any prejudice if the defenses are left in the defendants' Answer.").

## IX. DEFENDANT'S DEFENSES ARE NOT REDUNDANT OR IMPERTINENT

### A. Defendant's Third Defense For Failure to Exhaust Administrative Remedies Is Appropriate

Failure to exhaust is a proper affirmative defense. *Wyatt v. Terhune*, 315 F.3d 1108, 1117-19 (9th Cir. 2003) (holding that defendant bears the burden of proving that plaintiff did not properly exhaust his administrative remedies.) Further, Plaintiff has not shown any prejudice as a result of this defense.

### B. Defendant's Fifth Defense Of Worker's Compensation Preemption Is Appropriate

Where an employer's conduct does not exceed the risks inherent in the employment relationship, an employee's emotional distress injuries are subsumed under the exclusive remedy provisions of workers' compensation. *See, e.g., Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 813 (2001) ("[T]he exclusivity provisions encompass all injuries 'collateral to or derivative of' an injury compensable by the exclusive remedies of the WCA.")

At this stage of the case, Defendant does not know the extent of the emotional distress injuries claimed by Plaintiff—who is uniquely under control of this information—so there can be no prejudice by including this defense.

### C. Defendant's Sixth Defense Of After Acquired Evidence is Appropriate

This is a valid and properly stated defense. *Salas v. Sierra Chem. Co.*, 59 Cal. 4th 407, 428 (2014) ("The doctrine of after-acquired evidence refers to an employer's discovery, after an allegedly wrongful termination of employment or refusal to hire, of information that would have justified a lawful termination or refusal to hire.") By its very terms, the defense contemplates that evidence may be acquired **after the employee's termination and through the course of discovery** that would support this defense.

Plaintiff cannot credibly claim that he has no notice of what this defense entails—either Plaintiff committed some sort of resume fraud or engaged in unknown misconduct that would have justified his termination or he did not. Because Plaintiff has not shown any prejudice, his request should be denied.

### D. Defendant's Eighth, Ninth, Eighteenth and Nineteenth Defenses Are Appropriate

Defendant asserted defenses of Unconstitutionality of Punitive Damages (Eighth Defense), Good Faith Belief (Ninth Defense), Unauthorized Conduct (Eighteenth Defense) and No Malicious Conduct (Nineteenth Defense) to potentially bar Plaintiff from recovering punitive damages if one of Defendant's agents engaged in wrongful

retaliatory conduct that violated its policies. *See, e.g., Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 545 (1999) ("We agree that, in the punitive damages context, an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's 'good-faith efforts to comply with Title VII.'").

Plaintiff cannot claim prejudice by this defense because he concedes that he knows exactly what these defenses entails, i.e., he alleged the acts against Plaintiff were carried out by managerial employees, and/or ratified by Defendant with malice, fraud or oppression. (Dkt. No. 1-1, Complaint ¶¶ 50, 59, and 65.)

### E. Defendant's Mixed Motive Defense Is Appropriate

Plaintiff complains that Defendant's Mixed Motive (Twentieth Defense) is insufficient. The California Supreme Court held that a mixed motive defense was sufficient to put Plaintiff on notice. *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 240 (2013) (denying motion to strike motion to strike similar mixed motive defense because Plaintiff was on notice " that the City intended to defend on the basis that it had not discriminated against her and had a legitimate reason for discharging her.")

Plaintiff cannot contend that he does not have fair notice of this defense when he was terminated for legitimate reasons but is now claiming he was terminated due to an alleged disability.

## X. LEAVE TO AMEND SHOULD BE FREELY GRANTED

Should the Court grant any of Plaintiff's Motion to Strike, leave to amend any factually deficient claim should be freely granted. Fed. R. Civ. Proc. 15(a)(2) ("The court should freely give leave when justice so requires."); *Wyshak,* 607 F.2d at 826 ("In the absence of prejudice to the opposing party, leave to amend should be freely given"): *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012) ("Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings.").

## XI. CONCLUSION

Defendant requests that the Court deny Plaintiff's Motion to Strike because it is untimely, procedurally improper, Plaintiff has not shown any prejudice, and each of Defendant's defenses is appropriate.

To the extent the Court does grant Plaintiff's Motion to Strike, Defendant requests that it only be required to re-plead any defenses.

Defendant further requests that any defense that is stricken for failure to provide sufficient notice be stricken without prejudice to Defendant's right to file a motion to amend their answer and re-plead after further discovery has been conducted.

DATED: November 19, 2018                    Respectfully submitted,

SEYFARTH SHAW LLP


By:/s/ Jared W. Speier
   Jonathan L. Brophy
   Jared W. Speier
   Attorneys for Defendant
   DURHAM SCHOOL SERVICES, L.P.

12
DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
51899824v.3