1 | Chris T. Nguyen, Esq. (SBN 259922)
2 | Omri A. Ben-Ari, Esq. (SBN 291517)
  | Amit S. Gundara, Esq. (SBN 270467)
3 | **BENARI & NGUYEN, LLP**
  | 2372 Morse Avenue, Suite 282
  | Irvine, CA 92614
4 | Tel: (949) 535-5217
  | Fax: (949) 535-5218
5 | litigation@banllp.com
  | Attorneys for Plaintiff Loi Nguyen

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| LOI NGUYEN, an individual, | CASE NO.: 8:18−cv−01825−AG−DFMx |
|---|---|
| Plaintiff, | [Assigned to Hon. Andrew J. Guilford, Mag.: Douglas F. Mc Cormick] |
| v. | **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO STRIKE DEFENDANT DURHAM SCHOOL SERVICES, L.P.'S AND' ANSWER TO PLAINTIFF LOI NGUYEN'S COMPLAINT** |
| DURHAM SCHOOL SERVICES, L.P., a Delaware Limited Partnership; and DOES 1 through 100, | |
| Defendant. | Complaint Filed: September 7, 2018 |
| | Hearing:    December 10, 2018 |
| | Time:       10:00 am |
| | Courtroom:  10D |

1
PLAINTIFF'S REPLY TO MOTION TO STRIKE PORTIONS OF DEFENDANT'S ANSWER
CASE NO.: 8:18-cv-01825-AG-DFMx

## I.   INTRODUCTION

Defendant's opposition can be distilled into one argument: Defendant believes that no matter its allegation, it is immune to a motion to strike. Defendant does not believe that the Court should strike defenses that fail as a matter of law, defenses that even today after Plaintiff's meet and confer, motion to strike, and Defendant's opposition, remain factually-barren and fail to provide fair notice, and impertinent defenses, such as Defendant's  1st, 3rd, 5th, 6th, 8th through 13th, 15th, 17th through 20th, and "Other Affirmative Defenses" "defenses."

In fact, one look at Plaintiff's motion to strike makes clear that Defendant is wrong as Plaintiff identifies numerous instances showing courts in this district rotinely striking allegations like Defendant's. And, Plaintiff establishes—though he need not—that if Defendant persists with its legally and factually insufficient and impertinent "defenses," Plaintiff would suffer undue prejudice in having to pursue discovery and engage in unecessary motion practice just to remove allegations that Defendant knows and at times readily admits, should have never alleged.

In all, the Court should grant Plaintiff's motion to strike in its entirely to streamline this litigation and avoid the parties and the Court from wasting precious and limited resources.

## II.   PLAINTIFF TIMELY FILED HIS MOTION TO STRIKE

Defendant incorrectly contends that Plaintiff's motion to strike is untimely. Federal Rules of Civil Procedure 6(a) and (d) govern the timing of Plaintiff's motion to strike. Rule 6(d) states:

> When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), ***3 days are added after the period would otherwise expire under***

*Rule 6(a)*.

Here, Defendant filed and served its Answer on October 17, 2018 electronically. Twenty-one days plus an additional three days under Rule 6(d) is Saturday, November 10, 2018. Accordingly, Plaintiff had until that following Monday, November 12, 2018, to file his motion. (Fed. R. Civ. Proc. 6(a)(1)(C).)

Plaintiff filed his motion on November 9, 2018, three days early. (Oppo at 3:3) Therefore, Plaintiff's motion to strike is timely and appropriate.

### III.  PLAINTIFF PROPERLY MET AND CONFERRED BEFORE FILING HIS MOTION

On October 25, 2018—13 days before Plaintiff filed his motion to strike—Plaintiff first attemted to meet and confer with Defendant by e-mail, summarizing his position regarding the answer and requested a time to further confer by telephone. (Ben-Ari Decl. ¶ 2.)

The meet and confer efforts continued by telephone on November 6, 2018, which as Defendant readily admits, sufficiently addressed some of the issues Plaintiff raises, and which Plaintiff details in his motion to strike. (*See* Doc. 15 at 8:9-20, 9:13-14; Doc. 14 at 4:22–5:5.)

Thus, Plaintiff properly met and conferred before filing his motion to strike.

### IV.  DEFENDANT ALLEGES "DEFENSES" THAT FAIL AS A MATTER OF LAW AND DOES NOT ALLEGE FACTS SUFFICIENT TO PROVIDE FAIR NOTICE.

Defendant attempts to dissuade this Court from granting the motion to strike, claiming that (1) motions to strike are disfavored (doc. 15 at 10:1-8); (2) the answer must be construed in Defendant's favor (*id.* at 10:10-24); and (3) prejudice has not been shown (*id.* at 10:25–11:20). Defendant is wrong: courts routinely strike defenses that fail as a matter of law and those failing to give fair notice, even if construing the answer in Defendant's favor and regardless of a showing of prejudice.

### A. Courts routinely strike defenses that fail as a matter of law and those fail to give fair notice and do not deny motions to strike simply because such motions may be disfavored.

Defendant argues that this Court should deny Plaintiff's motion to strike because such motions are disfavored under a belief that such motions are delaying tactics and ignore the limited importance of pleadings in federal practice. (Doc. 15 at 10:1-8.)

Defendant ignores, however, that Plaintiff, in his motion, provides ample examples of courts striking defenses that fail as a matter of law and defenses that fail to provide fair notice, indicating that pleadings are not as insignificant as Defendant suggests. (*See*, *i.e.*, Doc. 14 at 6:19-23, 9:7-10, 9:22-26.) Defendant even cites to *Oracle Am., Inc. v. Micron Tech., Inc.*, 817 F. Supp. 2d 1128, 1132 (N.D. Cal. 2011), a case consistent with Plaintiff's position, though Defendant ignores that the court there makes clear that " . . . a motion to strike is proper when a defense is insufficient as a matter of law." *Oracle*, 817 F.Supp.2d at 1132.

In addition, Plaintiff's motion can hardly be considered a delaying tactic—the parties have already engaged in the Rule 26 conference and filed their joint statement and have discussed whether remand is appropriate.

### B. Regardless of in whose favor courts contrue answers, courts strike defenses that fail as a matter of law and defenses that are conclusory, factually-barren, and fail to provide fair notice.

Defendant suggests that it should have free reign to allege whatever defense it wants if it even remotely bears on the case. (Doc. 15 at 10:10-24.) But Defendant's position is just not so. Plaintiff's motion to strike makes clear that a defendant simply cannot proffer defenses that fail as matter of law or do not provide fair notice in a shotgunned and boilerplate approch as Defendant has done here. (Doc. 14 at 6:5-13,

8:22-27.)

As Plaintiff repeatedly explained in his motion and readdresses here, the Court should strike Defendant's 1st, 3rd, 5th, 6th, 8th through 13th, 15th, 17th through 20th, and "Other Affirmative Defenses" "defenses" because they fail as a matter of law, do not provide fair notice, and are impertinent.

### 1. The Court should strike Defendant's impertinent allegations that fail as a matter of law.

Defendant argues that its "First Defense," "Fifteenth Defense," "Seventeenth Defense," and "Other Additional Defenses" allegations are proper and should remain, even though it has already agreed to withdraw its Fifth, Fifteenth, and Seventeenth "defenses"and its "Other Additional Defenses" allegation. (Doc. 15 at 11:21–14:17.) Even if Defendant had not agreed to withdraw these allegations, Defendant advances a wrong argument anyway.

First, arguing against Defendant's "First Defense" for failure to state a cause of action, in his motion to strike, Plaintiff pointed to three cases from this district that struck such an allegation because it was not a defense. (Doc. 14 at 6:15-27.)

Defendant, albeit for a different proposition, cited to *Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc.*, 2012 U.S. Dist. LEXIS 6745, *8 (C.D. Cal. Jan. 20, 2012), a case agreeing with Plaintiff that a defense for failure to state a cause of action fails should be stricken. *Enough for Everyone*, 2012 U.S. Dist. LEXIS 6745 at *8.

Second, Defendant attempts to argue that its "Fifteenth Defense" and "Seventeenth Defense" should remain because those defenses are negative defenses permissible under Rule 8 and provide fair notice of the defenses. (Doc. 15 at 13:9–14:4.) Esentially, Defendant argues that it can allege anything it wants—whether or not its "defenses" are affirmative defenses—so long as Plaintiff has fair notice. This, however, is not the standard and Defendant already agreed to abandon these

allegations. (Doc. 15 at 8:14-15.)

Putting aside that these allegations fail to provide fair notice because they are conclusory statements *without any supporting facts*, these "defenses" should be stricken because they are denials or *negative defenses*, and are therefore "immaterial and are subject to a motion to strike under Rule 12(f)." *TSX Toys, Inc. v. 665, Inc.*, 2015 U.S. Dist. LEXIS 192520, *21 (C.D. Cal. Sept.23, 2015), citing *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp.2d 1167, 1174 (N.D. Cal. 2010); *Finato v. Keith Fink & Assocs.*, 2017 U.S. Dist. LEXIS 171719, *7–8 (C.D. Cal. May 17, 2017).

Third, *Enough for Everyone* also concludes that courts should strike allegations like Defendant's "Other Additional Defenses" allegation. *Enough for Everyone* at *8. Defendant also agreed to abandon this allegation. (Doc. 15 at 8:14-15.)

### 2. The Court should strike the defenses that fail to provide fair notice.

Defendant believes that it can simply list defenses in its answer without any factual support because it has not had enough time to investigate Plaintiff's claims and because Plaintiff can engage in discovery to learn if a facts exist to support the defense. (Doc. 15 at 14:18–15:21.)

For support, Defendant cites to Rule 8, stating that Rule 8 "contains no requirement that a defendant make any 'showing' . . . [and that it] "requires only that a party 'affirmatively state' any defenses in its answer." (Doc. 15 at 14:19-21.) Defendant intentionally ignores that it still needs to provide *fair notice* of the defense in a short and plain statement and that Rule 8(c) addresses waiving defenses not stated in the answer.

As Plaintiff explained in his motion (*see* Doc. 14 at 8:20–11:1), courts routinely strike such conclusory, bare-bones affirmative defenses —as Defendant proffers in its answer, such as its tenth through thirteenth defenses alleging estoppel, laches, waiver, and unclean hands. *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, 2011 U.S. Dist. LEXIS 96154, *3–5, *9 (C.D. Cal. Aug. 25, 2011).

### 3. The Court should strike Defendant's impertinent defenses.

Defendant argues that its third, fifth, sixth, eighth, ninth, and eighteenth through twentieth defenses are valid defenses in this action. (Doc. 15 at 15:22–17:19.) Defendant wholly misses the point. As Plaintiff explained in his motion to strike that Defendant alleges these defenses against each cause of action, even though against some causes of action, the defenses fail as a matter of law. (Doc. 14 at 11:4–12:28.)

For example, Plaintiff explained that the third defense for failure to exhaust administrative remedies has no application to his "third cause of action for wrongful termination in violation of public policy, or for any of his California Labor Code-based fourth through ninth causes of action." (Doc. 14 at 11:9-13.) Plaintiff does not claim that this defense has no application whatsoever to FEHA claims in general—though the defense will fail entirely in this action—rather, that this defense does not apply to all claims as Defendant alleges. As such, the Court should strike this defense.

And, the Court should strike Defendants other defenses identified above just the same.

### C. Even if establishing prejudice serves as a prerequisite to a court striking defenses like Defendant alleges—it is not—Plaintiff has made such a showing.

Defendant attempts to deflect from the legal and factual insufficiency of its allegations by arguing—over and over again—that the Court should deny Plaintiff's

motion to strike under the misbelief that he has not shown he would suffer prejudice if the legally and factually insufficient affirmative defenses remain. (See, i.e., Doc. 15 at 10:25–11:20.) However, such an argument is without merit.

As an initial matter, most of the cases requiring a showing of prejudice are doing so regarding "redundant, immaterial, impertinent, or scandalous matter," as opposed to the "insufficient defense," portion of Rule 12(f). *See Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010). This is borne out by the cases *relied on by Defendants* in their Opposition brief. (*See* Opp'n at 4–5.) Both *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1152-53 (C.D. Cal. 2003), and *New York City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009)—cited by Defendants (*see* Opp'n at 5)—analyze whether certain allegations in Plaintiff's complaint are redundant, immaterial, impertinent, or scandalous, and do **not** address or require whether a defendant may maintain legally or factually insufficient affirmative defenses.

However, "[a] showing of prejudice is not required to strike an 'insufficient' portion of the pleading as opposed to 'redundant, immaterial, impertinent, or scandalous matter' under Rule 12(f)." *Hayden v. United States*, No. 3:14-CV- 1060-AC, 2015 WL 350665, at *2 (D. Or. Jan. 26, 2015) (*quoting Bottoni v. Sallie Mae, Inc.*, No. C 10–03602 LB, 2011 WL 3678878, at *2 (N.D. Cal. Aug. 22, 2011)); *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) (same).

Further, Plaintiff has established that he would suffer significant prejudice if the Court permits Defendant's legally and factually deficient "defenses." Even under *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 629 (E.D. Cal. 2014)—the other case Defendant relies on (*see* Doc.15 at 10:27–11:3)—a motion to strike should be granted if "it is foreseeable that the inclusion of these defenses could lead plaintiffs to burdensome yet futile discovery." And, as the court held in *Barnes*:

> [E]ven if the court were to require a showing of prejudice, Barnes has met that burden. If the court were to permit legally unsustainable affirmative defenses to survive, Barnes would be required to conduct expensive and potentially unnecessary and irrelevant discovery. Thus, AT&T's arguments regarding prejudice cannot rescue its otherwise legally insufficient affirmative defenses.

*Barnes*, 718 F. Supp. 2d at 1173. "[T]he obligation to conduct expensive and potentially unnecessary and irrelevant discovery is a prejudice." *Hernandez v. Dutch Goose, Inc.*, No. C 13-03537 LB, 2013 WL 5781476, at *5 (N.D. Cal. Oct. 25, 2013) (citing *Ganley v. County of San Mateo*, No. C06–3923 TEH, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007) (motions to strike are proper even if their only purpose is to make the issues less complicated and to "streamline the ultimate resolution of the action")).

Likewise, Plaintiff will be significantly prejudiced if he is forced to propound discovery on, meet and confer about, and file motions to compel, to legally insufficient affirmative defenses, and, ultimately, file a motion for summary judgment on those legally insufficient affirmative defenses. *See Gibson Brands, Inc. v. John Hornby Skewes & Co.*, 2014 WL 4187979, at *2 (C.D. Cal. Aug. 22, 2014) (Pregerson, J.) ("[A]llowing Defendant's non-affirmative defenses, insufficiently pleaded defenses, and redundant defenses to stand would inevitably make the litigation more expensive, more complicated, and waste judicial resources. Moreover, Defendant is not precluded from raising its non-affirmative defenses during the course of the litigation.").

Accordingly, even though Plaintiff need not establish a showing of prejudice before the Court grants his motion to strike, he mas made such a showing and the Court should grant his motion to strike regardless.

## V. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court grant his motion and deny leave to amend where futile.

Respectfully Submitted,

Dated: November 25, 2018,	**BENARI & NGUYEN, LLP**


By: */s/ Omri A. Ben-Ari*
CHRIS T. NGUYEN
OMRI A. BEN-ARI
Attorneys for Plaintiff Loi Nguyen

# PROOF OF SERVICE

I am a citizen of the United States and am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is BENARI & NGUYEN LLP (the "firm"), 2372 Morse Ave., Ste. 282, Irvine, CA 92614.

On November 26, 2018, at my place of business, I electronically transmitted the following documents:

(1) **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO STRIKE DEFENDANT DURHAM SCHOOL SERVICES, L.P.'S AND' ANSWER TO PLAINTIFF LOI NGUYEN'S COMPLAINT;**
(2) **DECLORATION OF OMRI A. BEN-ARI IN SUPPORT OF PLAINTIFFS REPLY**

to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following EM/ECF registrants:

**Jonathan L. Brophy**
SEYFARTH SHAW LLP
jbrophy@seyfarth.com
**Jared W. Speier**
SEYFARTH SHAW LLP
jspeier@seyrfarth.com

I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and State of California that the above is true and correct.

Executed on November 26, 2018 at Irvine, California.

           /s/Chris T. Nguyen
           Chris T. Nguyen