SEYFARTH SHAW LLP
Jonathan L. Brophy (SBN 245223)
E-mail: jbrophy@seyfarth.com
Jared W. Speier (SBN 311751)
E-mail: jspeier@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
DURHAM SCHOOL SERVICES, L.P.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOI NGUYEN, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DURHAM SCHOOL SERVICES, L.P., a Delaware Limited Partnership; and DOES 1 through 100,<br><br>　　　　　Defendants. | Case No. 8:18-cv-01825-AG-DFM<br><br>**DEFENDANT DURHAM SCHOOL SERVICES, L.P.'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>State Complaint Filed:<br>　　　September 7, 2018<br><br>Trial Date:　　December 10, 2019 |

DEFENDANT'S FIRST AMENDED ANSWER

55170456v.1

Defendant Durham School Services, L.P., ("DSS"), by and through its attorneys, Seyfarth Shaw, LLP, hereby answers Plaintiff Loi Nguyen's ("Plaintiff") Verified Complaint as follows:

## THE PARTIES

1. Answering Paragraph 1, DSS admits that Plaintiff was a resident of the County of Orange. DSS further admits that Plaintiff was employed by DSS until March 6, 2017. DSS denies the remaining allegations in Paragraph 1.

2. Answering Paragraph 2, DSS admits that it conducts business within the County of Orange in the State of California and has facilities throughout Southern California.

3. Answering Paragraph 3, DSS has no knowledge regarding the identity of any fictitiously named Defendants. Thus, DSS denies the allegations in Paragraph 3.

4. DSS denies the allegations in Paragraph 4 as to DSS. DSS has no knowledge regarding the identity of any fictitiously named Defendants. Thus, DSS denies the remaining allegations in Paragraph 4.

5. Paragraph 5 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

6. Answering Paragraph 6, DSS has no knowledge regarding the identity of any fictitiously named Defendants. Thus, DSS denies the allegations in Paragraph 6.

## JURISDICTION AND VENUE

7. Paragraph 7 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

8. Paragraph 8 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

9. Paragraph 9 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. DSS admits that it maintains locations in the County of Orange and that DSS employed Plaintiff until March 6, 2017. To the extent this Paragraph purports to contain any additional allegations of fact, DSS denies those allegations.

## ADMINISTRATIVE PREREQUISITES

10. DSS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis denies each and every allegation contained therein.

11. DSS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis denies each and every allegation contained therein.

12. Paragraph 12 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

13. Answering Paragraph 13, DSS admits that it is a limited partnership with two partners—Durham Holding I, LLC and Durham Holding II, LLC. Both of these partners are limited liability companies organized under Delaware law with their principle places of business in Lisle, Illinois. DSS further admits that it is registered with the California Secretary of State. To the extent this Paragraph purports to contain any additional allegations of fact, DSS denies those allegations.

14. DSS admits the allegations in Paragraph 14.

15. Answering Paragraph 15, DSS admits that it hired Plaintiff on November 3, 1986 as a Maintenance Technician. DSS further admits that Plaintiff's employment duties

included maintaining and repairing school buses. DSS denies the remaining allegations in Paragraph 15

16. Answering paragraph 16, DSS admits that Plaintiff's regular hourly rate of pay at the time his employment ended was $29.63 per hour. DSS denies the remaining allegations in Paragraph 16.

17. Answering paragraph 17, DSS admits that it terminated Plaintiff's employment on March 6, 2017. DSS denies the remaining allegations in Paragraph 17.

18. Answering paragraph 18, DSS admits that it classified Plaintiff as a non-exempt employee.

19. Answering paragraph 19, DSS admits that Plaintiff represented his birth date to be August 26, 1952. Based on that representation, DSS further admits that Plaintiff was 64 years old at the time of his termination. DSS denies the remaining allegations in Paragraph 19.

20. DSS denies the allegations in Paragraph 20.

21. DSS denies the allegations in Paragraph 21.

22. DSS denies the allegations in Paragraph 22.

23. DSS denies the allegations in Paragraph 23.

24. Answering paragraph 24, DSS admits that after Plaintiff's termination it hired another employee who is younger than Plaintiff. DSS denies the remaining allegations in Paragraph 24.

25. DSS denies the allegations in Paragraph 25.

26. Answering paragraph 26, DSS admits that employees at DSS's Santa Ana location knew that Plaintiff was acting as a union steward with respect to union contract negotiations on behalf of other mechanics at the Santa Ana location. DSS denies the remaining allegations in Paragraph 24.

27. Answering Paragraph 27, DSS admits that it placed Plaintiff on administrative leave on February 6, 2017. DSS is without sufficient knowledge or

information to form a belief as to the truth of the other allegations contained in Paragraph 27, and on that basis denies each and every allegation contained therein.

28.  Answering Paragraph 28, DSS admits that it placed Plaintiff on administrative leave on February 6, 2017 and thereafter terminated his employment on March 6, 2017. DSS denies the remaining allegations in Paragraph 28.

29.  Answering paragraph 29, DSS admits that employees at DSS's Santa Ana location knew that Plaintiff was acting as a union steward with respect to union contract negotiations on behalf of other mechanics at the Santa Ana location. DSS denies the remaining allegations in Paragraph 29.

30.  Answering paragraph 30, DSS admits that employees at DSS's Santa Ana location knew that Plaintiff was acting as a union steward with respect to union contract negotiations on behalf of other mechanics at the Santa Ana location. DSS denies the remaining allegations in Paragraph 30.

31.  DSS denies the allegations in Paragraph 31.

32.  Answering Paragraph 32, DSS admits that Plaintiff was generally scheduled to work 40 hours a week, Monday through Friday. DSS denies the remaining allegations in Paragraph 32.

33.  Answering Paragraph 33, DSS admits that at the time of Plaintiff's March 6, 2017, termination he had vested vacation time. DSS denies the remaining allegations in Paragraph 33.

34.  DSS denies the allegations in Paragraph 34.

35.  DSS denies the allegations in Paragraph 35.

36.  DSS denies the allegations in Paragraph 36.

37.  Paragraph 37 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

38. DSS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38, and on that basis denies each and every allegation contained therein.

39. DSS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 39, and on that basis denies each and every allegation contained therein.

**FIRST CAUSE OF ACTION**
**Age Discrimination in Violation of the FEHA**
*(As against DURHAM SCHOOL SERVICES, L.P. and DOES I through 100)*

40. Answering Paragraph 40, DSS incorporates the responses contained in the previous Paragraphs of this Answer as if fully set forth herein.

41. DSS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 41, and on that basis denies each and every allegation contained therein.

42. Paragraph 42 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

43. Paragraph 43 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

44. DSS denies the allegations in Paragraph 44.

45. Paragraph 45 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

46. Paragraph 46 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

47. Paragraph 47 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

48. DSS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48, and on that basis denies each and every allegation contained therein.

49. DSS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 49, and on that basis denies each and every allegation contained therein.

50. DSS denies that Plaintiff is entitled to any relief.

51. DSS denies that Plaintiff is entitled to any relief.

**SECOND CAUSE OF ACTION**
**Retaliation in Violation of the FEHA**
**(Cal. Gov. Code § 12940(h)**
*(As against DURHAM SCHOOL SERVICES, L.P. and DOES 1 through 100)*

52. Answering Paragraph 52, DSS incorporates the responses contained in the previous Paragraphs of this Answer as if fully set forth herein.

53. Paragraph 53 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

54. Paragraph 54 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

55. Paragraph 55 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

56. Paragraph 56 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

57. DSS denies that Plaintiff is entitled to any relief.

58. DSS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 58, and on that basis denies each and every allegation contained therein.

59. Paragraph 59 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

### THIRD CAUSE OF ACTION
**Wrongful Termination in Violation of Public Policy**
**(As against DURHAM SCHOOL SERVICES, L.P. and DOES 1 through 100)**

60. Answering Paragraph 60, DSS incorporates the responses contained in the previous Paragraphs of this Answer as if fully set forth herein.

61. Paragraph 61 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

62. Paragraph 62 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

63. Paragraph 63 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

64. Paragraph 64 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

65. Paragraph 65 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

# FOURTH CAUSE OF ACTION
### Failure to Provide Meal Periods or Compensation in Lieu Thereof
### (Cal. Lab. Code § 226.7 and Wage Order 4-2001 § 11)
### (As against DURHAM SCHOOL SERVICES, L.P. and DOES 1 through 100)

66. Answering Paragraph 66, DSS incorporates the responses contained in the previous Paragraphs of this Answer as if fully set forth herein.

67. Answering Paragraph 67, DSS admits that it employed Plaintiff from November 3, 1986 to March 6, 2017. The remaining allegations in Paragraph 67 contain conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any additional allegations of fact, DSS denies those allegations.

68. Paragraph 68 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

69. Paragraph 69 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

70. Paragraph 70 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

71. Paragraph 71 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

72. Paragraph 72 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

73. DSS denies the allegations in Paragraph 73.

74. Paragraph 74 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

### FIFTH CAUSE OF ACTION
**Failure to Provide Rest Periods or Compensation in Lieu Thereof**
**(Cal. Lab. Code § 226.7 and Wage Order 4-2001 § Section 12)**
*(As against DURHAM SCHOOL SERVICES, L.P. and DOES 1 through 100)*

75. Answering Paragraph 75, DSS incorporates the responses contained in the previous Paragraphs of this Answer as if fully set forth herein.

76. Paragraph 76 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

77. DSS denies the allegations in Paragraph 77.

78. DSS denies the allegations in Paragraph 78.

79. Paragraph 79 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

80. Paragraph 80 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

81. Paragraph 81 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

82. Paragraph 82 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

## SIXTH CAUSE OF ACTION
### Failure to Pay Vested Vacation Time
### (Cal. Labor Code § 227.3)
### (As against DURHAM SCHOOL SERVICES, L.P. and DOES 1 through 100)

83. Answering Paragraph 83, DSS incorporates the responses contained in the previous Paragraphs of this Answer as if fully set forth herein.

84. Paragraph 84 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

85. Answering Paragraph 85, DSS admits that at the time of Plaintiff's March 6, 2017, termination he had vested vacation time. DSS denies the remaining allegations in Paragraph 85.

86. Paragraph 86 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

87. Paragraph 87 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

## SEVENTH CAUSE OF ACTION
### Failure to Provide Accurate Itemized Wage Statements
### (Cal. Lab. Code §§ 226, 1174, Wage Order 4-2001, §7)
### (As against DURHAM SCHOOL SERVICES, L.P. and DOES 1 through 100)

88. Answering Paragraph 88, DSS incorporates the responses contained in the previous Paragraphs of this Answer as if fully set forth herein.

89. Paragraph 89 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

90. Paragraph 90 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

91. Paragraph 91 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

92. DSS denies that Plaintiff is entitled to any relief.

### EIGHTH CAUSE OF ACTION
### Failure to Provide Timely Records and Inspection
### (Cal. Lab. Code § 1198.5 and 226(b))
*(As against DURHAM SCHOOL SERVICES, L.P. and DOES 1 through 100)*

93. Answering Paragraph 93, DSS incorporates the responses contained in the previous Paragraphs of this Answer as if fully set forth herein.

94. Paragraph 94 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

95. Answering Paragraph 95, DSS admits receiving a communication from Plaintiff's counsel, dated May 17, 2018. DSS denies that the May 17, 2018 communication requested Plaintiff's personnel file and denies all other allegations in Paragraph 95. Additionally, Paragraph 95 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required.

96. Paragraph 96 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

97. Answering Paragraph 97, DSS admits receiving a communication from Plaintiff's counsel, dated May 17, 2018. DSS denies that the May 17, 2018 communication requested Plaintiff's personnel file and denies all other allegations in Paragraph 97. Additionally, Paragraph 97 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required.

98. Paragraph 98 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

## NINTH CAUSE OF ACTION
**Waiting-Time Penalties and Failure to Provide Wages Upon Termination**
**(Cal. Lab. Code §§ 201-203)**
*(As against DURHAM SCHOOL SERVICES, L.P. and DOES 1 through 100)*

99. Answering Paragraph 99, DSS incorporates the responses contained in the previous Paragraphs of this Answer as if fully set forth herein.

100. Paragraph 100 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

101. Paragraph 101 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

102. Paragraph 102 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this Paragraph purports to contain any allegations of fact, DSS denies those allegations.

## PRAYER FOR RELIEF

DSS denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to Plaintiff's Complaint, Defendant alleges the following affirmative or other defenses. In asserting these affirmative or other defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST DEFENSE
**(Failure to State a Cause of Action – All Causes of Action)**

1. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND DEFENSE

### (Statute of Limitations – All Causes of Action)

2.  Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure Sections 335.1, 338(a), 340, and 343, and Government Code Section 12965.

## THIRD DEFENSE

### (Failure to Exhaust Administrative Remedies – All Causes of Action)

3.  Plaintiff's claims, in whole or in part, are barred because Plaintiff has failed to exhaust his administrative remedies or to comply with the statutory prerequisites for bringing suit.

## FOURTH DEFENSE

### (Failure to Exercise Reasonable Preventive Corrective Opportunities – All Causes of Action)

4.  To the extent any of the Defendant's employees or agents engaged in unlawful discriminatory, retaliatory, or harassing behavior toward Plaintiff, Defendant is not liable for any such discrimination, retaliation, or harassment or Plaintiff's damages must be reduced, because Defendant exercised reasonable care to prevent and correct promptly any discriminatory, retaliatory, or harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided or to otherwise avoid harm.

## FIFTH DEFENSE

### (Workers' Compensation Preemption - All Causes of Action)

5.  Plaintiff's claims for certain damages are preempted and barred by the exclusive remedies of the California Workers' Compensation Act, California Labor Code § 3200, *et seq.*, inasmuch as they involve an employer/employee relationship subject to workers' compensation coverage, conduct of Plaintiff undertaken in the course and scope of his employment with Defendant, and injuries alleged by Plaintiff to have been proximately caused by his employment with Defendant.

## SIXTH DEFENSE

### (After-Acquired Evidence – All Causes of Action)

6. Plaintiff's claims are barred, or his damages, if any, are limited, to the extent he engaged in any misconduct of which Defendant was unaware until after Plaintiff's termination that provides independent legal cause for the termination of his employment.

## SEVENTH DEFENSE

### (Failure to Mitigate Damages – All Causes of Action)

7. Plaintiff has failed to mitigate his damages, if any, as required by law.

## EIGHTH DEFENSE

### (Award of Punitive Damages is Unconstitutional – All Causes of Action)

8. To the extent that Plaintiff seeks punitive or exemplary damages in the Complaint, he violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and violates the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

## NINTH DEFENSE

### (Reasonable, Good Faith Belief – All Causes of Action)

9. The Complaint, and each alleged cause of action, are barred by the fact that any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on the facts as Defendant understood them in good faith. Defendant's policies forbid unlawful harassment, retaliation and discrimination.

## TENTH DEFENSE

### (Estoppel - All Causes of Action)

10. Because of Plaintiff's own acts or omissions, Plaintiff is barred by the equitable doctrine of estoppel from maintaining this action or pursuing any cause of action alleged in the Complaint against Defendant.

## ELEVENTH DEFENSE

### (Laches – All Causes of Action)

11. Plaintiff's claims are barred by the equitable doctrine of laches because he unreasonably delayed in filing the Complaint.

## TWELFTH DEFENSE

### (Waiver - All Causes of Action)

12. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## THIRTEENTH DEFENSE

### (Unclean Hands - All Causes of Action)

13. Plaintiff is precluded from maintaining the Complaint, and each purported cause of action alleged therein, because Plaintiff engaged in conduct showing unclean hands.

## FOURTEENTH DEFENSE

### (No Knowing And Intentional Violation Of Labor Code - Fourth Through Ninth Causes of Action)

14. Any alleged violation of the California Labor Code was not knowing and intentional and therefore Plaintiff's requested recovery is barred.

## FIFTEENTH DEFENSE

### (Good Faith Dispute - Fourth Through Ninth Causes of Action)

15. Plaintiff is not entitled to any penalty because, at all times relevant and material herein, Defendant did not willfully fail to comply with any provisions of the California Labor Code or applicable Wage Orders, but rather acted in good faith and had reasonable grounds for believing that they did not violate the California Labor Code or the applicable Wage Orders.

## SIXTEENTH DEFENSE

### (Unauthorized Conduct – All Causes of Action)

16. While Defendant denies that its employees, officers, or agents, acted in any manner that would constitute a violation of FEHA, if any such violation occurred, it

occurred outside the scope of employment or agency and without the consent of Defendant. Defendant did not authorize, condone, ratify, or tolerate any conduct that would violate FEHA, but instead prohibited such acts, and such conduct may not be attributed to Defendant through principles of agency, respondeat superior, successorship, or otherwise.

### SEVENTEENTH DEFENSE
### (No Malicious Conduct – All Causes of Action)

17. Plaintiff's claims for punitive damages are barred because the alleged acts or omissions fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless, or fraudulent intent to deny any protected rights, and are not so wanton or willful as to support an award of punitive damages.

### EIGHTEENTH DEFENSE
### (Mixed Motive – All Causes of Action)

18. Plaintiff's Complaint is barred to the extent that Plaintiff demonstrates that his protected status or activities were a motivating factor for any challenged employment action, on the grounds that Defendant would have taken the same action in the absence of such impermissible motivating factor.

### NINETEENTH DEFENSE
### (Scope of Authority – All Causes of Action)

19. The Complaint, and each and every purported cause of action therein, is barred as against Defendant to the extent that the actions of Defendant's agents, employees, and representatives, if the actions occurred, were not actions taken within the course and scope of their employment.

///

///

# PRAYER

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by his Complaint;

2. That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3. That Defendant be awarded reasonable attorneys' fees according to proof;

4. That Defendant be awarded the costs of suit; and,

5. That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: February 21, 2019           Respectfully submitted,

                                   SEYFARTH SHAW LLP


                                   By: /s/ *Jared W. Speier*
                                       Jonathan L. Brophy
                                       Jared W. Speier
                                       Attorneys for Defendant
                                       DURHAM SCHOOL SERVICES, L.P.