UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | SACV 18-01825 AG (DFMx) | Date | February 25, 2019 |
|---|---|---|---|
| Title | LOI NGUYEN V. DURHAM SCHOOL SERVICES, L.P. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING MOTION TO REMAND**

This is an employment discrimination and wrongful termination case. Plaintiff Loi Nguyen sued Defendant Durham School Services ("DSS") asserting nine different state law claims concerning Nguyen's thirty-one-year employment with DSS. (*See generally* Compl., Dkt. No. 1-1.) Specifically, Nguyen alleges that DSS discriminated against Nguyen because of his age, retaliated against Nguyen because of his union involvement, and deprived Nguyen of legally mandated meal and rest breaks. (*Id.* at ¶¶ 22, 26, 28, 30, 31.)

Plaintiff originally filed this action in Orange County state court. But then DSS removed it to this Court, claiming federal jurisdiction was proper under 28 U.S.C. § 1332. (Notice of Removal ("NOR"), Dkt. No. 1 at 1.) Now Plaintiff moves to remand the case back to state court because Plaintiff believes the amount in controversy requirement for diversity jurisdiction isn't satisfied. (Mot., Dkt. No. 20.)

The Court DENIES Plaintiff's motion to remand.

## 1. PRELIMINARY MATTERS

In its opposition, DSS mentions several issues unrelated to the merits of Plaintiff's motion for remand, including the timeliness of Plaintiff's motion and Plaintiff's alleged failure to comply with Local Rules 7-3 and 7-20. (Opp'n, Dkt. No. 21 at 1.) Because the Court decides this motion in DSS's favor without ruling on these issues, it need not consider them at this time. But as the Court has previously stated in this case, moving forward the Court expects the parties to comply with the spirit and letter of the Federal Rules and this Court's Rules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-01825 AG (DFMx) | Date | February 25, 2019 |
|---|---|---|---|
| Title | LOI NGUYEN V. DURHAM SCHOOL SERVICES, L.P. ET AL. | | |

## 2. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Consequently, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (citation omitted). "It is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation omitted).

Congress has authorized district courts to exercise jurisdiction over civil actions where the plaintiff is diverse in citizenship from any defendant, and where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). "[D]efendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). But when a plaintiff does challenge a defendant's amount in controversy estimates, the defendant bears the burden of establishing that the amount in controversy requirement is met by a preponderance of the evidence. *Id.* at 553–54; *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013). To meet this burden, the defendant may submit "supplemental evidence" not originally offered with the defendant's removing papers. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002).

## 3. ANALYSIS

As previously described, DSS removed this state law case to federal court claiming diversity jurisdiction exists under 28 U.S.C. Section 1332(a). (*See* NOR at 1). Plaintiff doesn't dispute that the parties are completely diverse. Instead, Plaintiff argues federal jurisdiction is improper because DSS can't prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. (Mot. at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-01825 AG (DFMx) | Date | February 25, 2019 |
|---|---|---|---|
| Title | LOI NGUYEN V. DURHAM SCHOOL SERVICES, L.P. ET AL. | | |

It's clear to the Court that more than $75,000 is in dispute here. Indeed, as DSS correctly points out, Plaintiff's claim for lost income alone likely exceeds the jurisdictional threshold of $75,000. According to the statements in Plaintiff's verified complaint, Plaintiff was working approximately forty hours per week at a rate of $29.63 per hour when DSS terminated Plaintiff. (Compl. at ¶¶ 16, 32.) This means that Plaintiff was earning roughly $62,046.40 per year or $5,170.53 per month. Because Plaintiff alleges he was wrongfully terminated on March 6, 2017, and because Plaintiff further alleges he hasn't found comparable employment since being terminated, Plaintiff could be entitled to at least eighteen months of lost wages (the amount of time between Plaintiff's termination and Plaintiff's filing of this lawsuit). (*Id.* at ¶¶ 33, 39.) This adds up to $93,069.54 and therefore exceeds the jurisdictional threshold.

DSS further substantiates its lost wages calculation with irrefutable evidence that Plaintiff was in fact earning over $60,000 per year during the time in question. Indeed, DSS provides Plaintiff's W-2s for the years leading up to his termination, which show that Plaintiff earned $60,319.65, $61,795.87, and $62,925.58 in 2014, 2015, and 2016 respectively. (*See* Decl. of Jared W. Speier, Dkt. No. 21-2 at Exh. 1.) Thus, on average Plaintiff earned a yearly income of $61,680.37 or a monthly income of $5,140.03. This puts Plaintiff's possible lost wages at approximately $92,520.54 which is, again, well over the $75,000 jurisdictional threshold.

Despite all this, Plaintiff argues that DSS overestimates the amount in controversy for two reasons. First, Plaintiff argues that DSS wrongly assumes Plaintiff worked forty hours per week at the time of his termination. (Reply, Dkt. No. 26 at 5.) But Plaintiff's own verified statements undermine this argument. (*See* Compl. at ¶¶ 26, 31-32 (asserting Plaintiff worked forty hours per week "during the relevant period of his employment" and "just before his wrongful termination").) So the Court doesn't agree with Plaintiff that DSS's calculation of lost wages "is only speculation and cannot reliably establish the amount in controversy." (Mot. at 9.); *see also Garcia v. Foulk*, No. 2:14-cv-2378 JAM DB P, 2018 WL 621270, at *4 (E.D. Cal. 2018) (holding that statements in a verified complaint have the same effect as statements made in an affidavit signed under penalty of perjury).

Second, Plaintiff argues that DSS's calculation of lost wages doesn't account for certain mitigating factors, like unemployment benefits. (Reply at 5.) But again, Plaintiff's verified complaint suggests the opposite. (*See* Compl. at ¶ 39 ("Plaintiff is actively searching for comparable employment to mitigate the damages that [DSS] has caused but have [sic] been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-01825 AG (DFMx) | Date | February 25, 2019 |
|---|---|---|---|
| Title | LOI NGUYEN V. DURHAM SCHOOL SERVICES, L.P. ET AL. | | |

unsuccessful to date.").) Nor does Plaintiff provide any facts to support the claim that Plaintiff received unemployment, let alone how much, or whether that unemployment offsets lost wages as described to destroy diversity jurisdiction.

And, even if Plaintiff's claim for lost wages didn't exceed $75,000, DSS still carries its burden of showing that the amount in controversy exceeds $75,000. This is because, besides Plaintiff's claim for lost wages, Plaintiff also seeks damages for emotional distress, attorney's fees, statutory penalties, and punitive damages. (Compl. at Prayer for Relief; Mot. at 5.); *see also Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (noting that the amount in controversy also includes attorney's fees and punitive damages). Surely, these other forms of relief, when combined with Plaintiff's claim for lost wages, establish that it's more likely than not that this case involves more than $75,000.

The Court therefore Court DENIES Plaintiff's motion.

## 4. DISPOSITION

The Court DENIES Plaintiff's motion to remand.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |